# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RIVERS, | CASE NO. 1:12-cv-00228-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| GEORGE MAYNARD, et al., | (Doc. 1) |
| Defendants. | |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Steve Rivers, a civil detainee proceeding pro se and in forma pauperis, filed this civil action on February 17, 2012. Plaintiff seeks damages under the Health Insurance Portability and Accountability Act (HIPAA) from Coalinga State Hospital Administrator George Maynard and Coalinga State Hospital Director Pam Ahlin arising out of the unauthorized transmission of his health information by an employee to an outside e-mail address.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are

not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.     Plaintiff's HIPAA Claim

Plaintiff alleges that his rights under HIPAA were violated when his health information was transmitted outside of Coalinga State Hospital via email. In support of his claim, Plaintiff includes a memorandum authored by Defendant Maynard, Hospital Administrator, which informed Plaintiff that "on December 23, 2009, an unsecured electronic transmission of portions of internal nursing communication reports was made when a CSH employee e-mailed entries to a personal e-mail address." (Comp., court record p. 4.) The memo went on to say that the unauthorized transmission was identified within two hours and the subsequent investigation "substantially indicate[d] that no medical information involved was shared or further disclosed with any unauthorized persons." (Id.)

HIPAA provides no private right of action and therefore, Plaintiff's HIPAA claim fails as a matter of law. Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb v. Smart Document Solutions, LLC, 499 F3d 1078, 1081 (9th Cir. 2007)).

Although not pled, to the extent that Plaintiff's claim can be construed as one also brought for violation of his constitutional rights under 42 U.S.C. § 1983, the complaint is devoid of any support for a claim that Defendants Maynard and Ahlin violated Plaintiff's right to informational privacy under the Due Process Clause of the Fourteenth Amendment. Seaton, 610 F.3d at 537-41.

Assuming the existence of a right in avoiding unauthorized disclosure of medical information, Seaton, 610 F.3d at 537-41; see also NASA Aeronautics and Space Admin. v. Nelson, __ U.S. __, __, 131 S.Ct. 746, 751 (2011) (assuming without deciding that the Constitution protects a right of privacy), there is no indication that Plaintiff's medical information was impermissibly disclosed to a third party and, critically, there is no support for a claim that Defendants Maynard and Ahlin were responsible for any such disclosure. Section 1983 does not permit the imposition of liability on administrators for the misconduct of subordinates and no culpable action or inaction is attributable to Defendants Maynard and Ahlin in this instance. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Moss v. U.S. Secret Service, 675 F.3d 1213, 1230-31 (9th Cir. 2012).

**III.     Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted.  Given the nature of the deficiencies at issue, leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim, and the Clerk's Office SHALL enter judgment.

IT IS SO ORDERED.

**Dated:     October 2, 2012**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE